UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRATT CORRUGATED HOLDINGS, INC.,

    Plaintiff,

v.                                                                                            Case No. 8:23-cv-200-WFJ-CPT

PORTER PIZZA BOX OF FLORIDA, INC.
f/k/a Star Pizza Box of Florida, Inc.,
PORTER PIZZA BOX OF ARIZONA, LLC,
PORTER PIZZA BOX OF TEXAS, LLC,
PORTER LOGISTICS, LLC,
HALDEN L. PORTER,
HALDEN L. PORTER REVOCABLE TRUST,
LYNDA GAY PORTER,
LYNDA GAY PORTER REVOCABLE TRUST,
J. CHASE PORTER,
J. CHASE PORTER REVOCABLE TRUST,
GRANT T. PORTER,
GRANT T. PORTER REVOCALBE TRUST,
JOHN DOES 1–25, and
PORTER INVESTMENT HOLDINGS, LLC,

    Defendants.
_____/

## **ORDER**

Upon due and careful consideration of Defendants' Motion to Stay Discovery (Dkt. 58) and Plaintiff's Response in Opposition (Dkt. 60), the Court concludes that discovery should be stayed.

In January 2023, Plaintiff Pratt Corrugated Holdings, Inc. ("Pratt") brought this action against all Defendants for fraudulent transfers in violation of Florida's

Uniform Fraudulent Transfer Act ("FUFTA"), Chapter 726, Florida Statutes. Shortly thereafter, Plaintiff filed a motion for expedited discovery. Dkt. 21. United States Magistrate Judge Tuite held a hearing and denied the motion, save requiring Defendants to identify certain transferees for the purpose of naming all potential Defendants before the statute of limitations expired. Dkt. 46.

After the ruling, Plaintiff amended the complaint as of matter of right. Dkt. 47. Defendants filed a motion to dismiss the First Amended Complaint. Dkt. 51. Defendants also filed a motion to stay discovery pending resolution of the motion to dismiss, which the Court now addresses.

The pertinent history of the litigation among these parties affects the matters to be determined in this case. In the six-count First Amended Complaint, Plaintiff Pratt seeks to avoid alleged fraudulent transfers to recover damages relative to the Master Supply and Purchase Agreement ("Supply Agreement") between Pratt and Defendant Star Pizza Box (of Florida), effective October 18, 2016. *See* Dkt. 47-1 (Supply Agreement).[1] The Supply Agreement obligated the "Porter Affiliates" to buy a certain monetary amount ($17,000,000.00) of corrugated paper pizza boxes and related products from Pratt to receive a discounted price. Star Pizza, or the Porter affiliates, would then print their logo on the boxes. When the relationship

---

[1] The agreement was signed by Defendant Hal Porter as President of "Starr Pizza Box, a Florida corporation." Dkt. 47-1 at 6.

deteriorated between the parties, Porter Pizza Box of Florida, Inc. filed a lawsuit against Pratt in the Northern District of Georgia: *Porter Pizza Box of Florida, Inc. v. Pratt Corrugated Holdings, Inc.*, No. 18-cv-63-AT (N.D. Ga.) ("the Georgia action"), filed January 4, 2018.

Part of the parties' disagreements began when Porter Pizza sold substantially all of its assets to WestRock Company, a competitor of Pratt, on March 13, 2017. In the Georgia action, Porter Pizza Box sued Pratt for breach of the Supply Agreement by failing to pay rebates and to timely meet Porter Pizza's purchase orders. *See* Georgia action at docket 185.  Pratt countersued Porter Pizza and added Hal Porter as a defendant. *Id*. Pratt alleged Porter Pizza breached the Supply Agreement when it stopped ordering products from Pratt and failed to pay invoices that came due before Porter Pizza sold the company to WestRock. *Id*. at docket 4. Whether the Supply Agreement is a binding contract was decided by the Georgia district judge on January 6, 2023, but that pre-trial ruling is presently contested by Porter Pizza. *Id*. at dockets 182, 189. The Georgia action is set for trial this August.

Although, generally, motions to stay discovery are disfavored, the Court finds under the unique circumstances of this case, a stay is warranted. This FUFTA action hinges on whether Pratt is creditor under the Act. Many of the alleged fraudulent transfers center around whether and when the Supply

3

Agreement, if valid, was breached. The parties agree that the Supply Agreement must be interpreted under Georgia state law. This precise issue is pending in the Georgia action, which is set for trial in two months.

The discovery sought encompasses sensitive information such as the Porter family's personal finances and assets. Nevertheless, if the material is relevant to the subject matter of the pending lawsuit, it is discoverable. *See Freidman v. Heart Inst. of Port St. Lucie, Inc.*, 863 So. 2d 189, 192–94 (Fla. 2003) (affirming denial of stay for FUFTA claims, while recognizing disclosure of personal financial information may cause irreparable harm in case where the information is not relevant). Here, although transfer dates and amounts are relevant to a FUFTA action, production of such information at this junction would be premature and prejudicial if the creditor status is yet undetermined. At least one district court has stayed a FUFTA action pending a determination of whether the plaintiff met creditor status under the Act. *See P'ship Biomedical Sols., LLC v. Saltsman*, No. 19-81316-Civ-Singhal, 2020 WL 13389838, at *2 (S.D. Fla. May 27, 2020) (staying discovery of FUFTA claims until underlying claims resolved). A stay in this case would also serve the public interest in judicial economy and efficiency.

Accordingly, Defendants' Motion to Stay (Dkt. 58) is granted. Discovery is stayed until further order of the Court upon appropriate motion.

**DONE AND ORDERED** at Tampa, Florida, on June 7, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:

Counsel of record

5